**William R. SMITH, Appellant,**

v.

**BLUE DIAMOND COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

June 8, 1962.

Cordell H. Martin, Hindman, C. W. Napier, Jr., Hazard, for appellant.

Maxwell P. Barret, Willis W. Reeves, Richard D. Cooper, Hazard, for appellee.

MILLIKEN, Judge.

The sole question on this appeal is whether the Workmen's Compensation Board based its refusal to grant compensation on competent evidence of probative value. The Circuit Court agreed with the Board and we are of like opinion.

The claimant, William R. Smith, a coal miner approximately forty-three years of age, became disabled in 1958 and has been unable to work since. There seems to be no doubt that he is totally disabled from doing any work of a physical nature, and the case turned on whether the claimant's disability is attributable to silicosis incurred in his work or whether his disability is attributable to causes of no occupational origin. The medical evidence was so conflicting that the Board directed claimant to submit himself for examination to the Lexington Clinic. The conclusion was reached that Smith was suffering from bronchial asthma, possible emphysema and extreme nervousness, but there was no evidence of pneumoconiosis or silicosis. The findings of the Board-appointed examiner were substantially in accord with the conclusions reached by the physicians at the Hazard Miners Memorial Hospital where the claimant was examined when his disability first became apparent.

While the claimant presented medical evidence to the effect that he was suffering from silicosis and possible secondary emphysema, the Board apparently was impressed by the fact that the defense physicians and the Board's appointed examiner were unable to find evidence of a totally disabling occupational disease in X-ray pictures or other tests and examinations. Since the Board concluded that claimant's disability was not of a vocational origin, it necessarily followed that any neurosis the claimant may have developed did not arise from his occupation.

We think that the Board clearly had probative evidence on which to base its findings, and for that reason we affirm the judgment.